## Sasinoski v. Cannon

C.P. of Allegheny County, no. Misc. 59 of Jan. 1997.

*John Elash,* for plaintiff.
*Kerry A. Fraas,* for defendant.

DAUER, *P.J.,* March 27, 1997—On January 24, 1997, the Public Defender of Allegheny County, Kevin G. Sasinoski, Esquire, presented a petition for an ex parte injunction to this court. As the duly appointed public defender, Mr. Sasinoski is responsible for the defense of indigent defendants charged with crimes in Allegheny County, a defense that is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and by the Constitution of this Commonwealth.

The petition was brought because the county manager, Glenn Cannon, suspended Mr. Sasinoski on January 23, 1997, from his duties as public defender. Cannon allegedly imposed the suspension while conducting an investigation into an employee claim that a hostile working environment existed in the office. The suspension was imposed without any prior notice or warning to Sasinoski. He also placed Sasinoski's assistant chief investigator, George Harris, and office manager, Betty Davis, on administrative leave.

---

1. Emphasis supplied by this court.

Mr. Cannon is a county employee without any legal authority over the public defender's office. There is, in fact, no reference to the position of "county manager" in the Public Defender Act, 16 P.S. §9960.1. The unilateral suspension of Mr. Sasinoski by Cannon denied Sasinoski access to his office, files, materials, and staff. It substantially interfered with the governance of the office and the duties of Mr. Sasinoski as set forth in the Public Defender Act at 16 P.S. §9960.6(a) and (c) which states:

"(a) The public defender shall be responsible for furnishing legal counsel, in the following types of cases, to any person who, for lack of sufficient funds, is unable to obtain legal counsel:

(1) Where a person is charged with juvenile delinquency;

(2) Critical pretrial identification procedures;

(3) Preliminary hearings;

(4) State habeas corpus proceedings;

(5) State trials, including pretrial and post-trial motions;

(6) Superior Court appeals;

(7) Pennsylvania Supreme Court appeals;

(8) Post-conviction hearings, including proceedings at the trial and appellate levels;

(9) Criminal extradition;

(10) Production and parole proceedings and revocation thereof;

(11) In any other situations where representation is constitutionally required. . . .

(c) The public defender, when appointed by the court, shall furnish legal counsel to persons who are or may be subject to commitment in a proceeding under the act of October 20, 1966 (3rd Sp. Sess., P.L. 96, no. 6) known as the 'Mental Health and Mental Retardation Act of 1966.' "

Because this unprecedented suspension by Mr. Cannon was totally without legal authority and because

implementation of the suspension would reek immediate and irreparable injury to the clients served by the public defender's office, this court granted Sasinoski's petition for an ex parte injunction and restored him to the office with full authority to discharge his responsibilities. A date was then set for a hearing on a permanent injunction after which the following order was entered:

"And now, February 4, 1997, the temporary order of this court dated January 24, 1997, is hereby made permanent. Kevin G. Sasinoski is restored to the office of public defender with full authority to discharge the responsibilities of that office and the 'county manager,' Glenn Cannon, or any other officer or employee of the County of Allegheny is hereby enjoined from interfering with the public defender in the discharge of his responsibilities and duties other than is provided by the laws of this Commonwealth, specifically the Public Defender's Act.

"Pursuant to Article 9, Section 4, of the Pennsylvania Constitution, this court rules that the public defender of Allegheny County is a constitutional officer of the county, and the only method of removing him from office is by impeachment by the General Assembly of Pennsylvania and/or the governor under the provisions of the Second Class County Code §3450.

"The other petitioners, Betty Davis and George Harris, as county employees, may be discharged or suspended for cause by the appointing authority. No cause for such action has been proven in this case; and, even if it had been shown, such authority cannot be exercised for political or discriminatory purposes by the county administration that would jeopardize the independence of the public defender in the operation of his office or in the performance of his mandated duty to defend indigent persons in criminal, juvenile and mental commitment cases."

Respondent Cannon appeals from both the preliminary and permanent orders entered by this court. He

first asserts the court committed an error of law and abused its discretion when it granted the ex parte injunction because Sasinoski's equity action was commenced by petition rather than by filing a complaint or writ of summons. However, Rule 1531(a) of the Rules of Civil Procedure permits the court to act on a petition. The rule states:

"A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, *the court may act on the basis of the averments of the pleadings or petition* and may consider affidavits of parties or third persons or any other proof which the court may require."[1]

Clearly, the rule provides that the court may entertain a petition as well as a complaint or writ of summons. No error was committed here.

Respondent Cannon maintains the court erred in concluding that the Allegheny County Public Defender may only be removed from office by impeachment. Article 9, Section 4 of the Pennsylvania Constitution clearly mandates that the public defender be a *county officer:*

"County officers shall consist of commissioners, controllers or auditors, district attorneys, public defenders, treasurers, sheriffs, registers of wills, recorder of deeds, prothonotaries, clerks of the courts, and such others as may from time to time be provided by law." (Article 9, Section 4, first paragraph.)

Once it was determined that the public defender is a constitutionally created county officer, this court was compelled to comply with the legislative enactment

---

1. Emphasis supplied by this court.

set forth at section 3450(a) of the second class county code, which provides:

"The county commissioners, the sheriffs, the coroners, prothonotary, registers of wills, recorders of deeds, treasurers, comptrollers, clerks of the courts, district attorneys, *and any other officers of the county, whether elected or duly appointed to fill a vacancy,*[2] shall be removable from office only by impeachment, or by the governor for reasonable cause, after due notice and full hearing on the advice of two-thirds of the senate, or upon conviction of misbehavior in the office or of any infamous crime, in accordance with the Constitution of this Commonwealth, but their title to office may be tried by proceedings of quo warranto as provided by law." (16 P.S. §3450(a).)

The court reviewed the applicable law in this case. There is no question the public defender is a constitutional officer, the same as the register of wills, recorder of deeds or clerk of courts. The county manager has no more right to interfere with the office of the public defender than he has to interfere with any other county officer created by our constitution.

Cannon also complains the court committed error of law and abused its discretion when it entered the ex parte injunction without making a record of testimony or without giving prior notice to him. These complaints are without any merit. The court's actions were clearly within the parameters of Rule 1531(a), *supra.* The court acted on the basis of the averments contained in the petition which were supported by the affidavit of Mr. Sasinoski in order to prevent immediate and irreparable injury. Under those circumstances, the rule does not require that notice be given.

Cannon next complains the court erred when it denied his request for an automatic supersedeas from the order

---

2. Emphasis supplied by this court.

of January 24, granting an ex parte injunction because Cannon appealed the order to the Commonwealth Court.[3] The complaint was first raised at the January 29, 1997 hearing by Assistant County Solicitor Kerry Fraas:

"MR. FRAAS: Our position is this court has no authority under Rule 1701 to proceed in this matter. As you know and counsel for Kevin Sasinoski knows, we filed an appeal with Commonwealth Court in this matter as to the authority to manage the public defender's office and also to have the ability to investigate the underlying matters raised by the four women in the public defender's office. The rule says once an appeal has been taken that the trial court can no longer proceed in the matter, and the appeal was validly taken pursuant to Rule 311-A-4 which does allow a party to appeal the granting of a preliminary injunction.

"Before we proceed, I want to make it clear to the court that, that is the county's position. I want to note for the record that we believe that an appeal acts as an automatic supersedeas of your order. Our position, also, is that the court can't sua sponte remove this supersedeas. I have another matter which I will preserve for a later time. Before you proceed I want to preserve those.

"THE COURT: The court disagrees that it is automatic. Because the automatic supersedeas applies to Commonwealth of Pennsylvania [and] subdivisions thereof. Mr. Cannon is not listed in the constitution of this county or any other county. Your objection is overruled." (HT 2-3.)[4]

---

3. For the reader's convenience a chronology of the proceedings is attached to this opinion as "Supplement A."

4. Reference of the court is to Rule 1736 of the Rules of Appellate Procedure.

The court also denied respondent's application for a stay and his motion to cancel the February 4, 1997 hearing following his appeal from the order granting the ex parte preliminary injunction. The request for stay was denied because respondent's appeal was not from a final order as required pursuant to Rule 341(b) of the Rules of Appellate Procedure.

Respondent maintains the court again committed error in choosing to call its own witnesses at the injunction hearing. What he fails to perceive is that his blatant interference with the public defender was about to lead to a substantial breakdown in the criminal justice system of Allegheny County. As executive and administrative head of the court, it is the obligation of the president judge to "supervise the judicial business of the court. . . ." (42 Pa.C.S. §325(1).) The court called witnesses in its supervisory capacity to better understand what had taken place and to insure the continuing operation of the criminal court system. No error was committed here.

Lastly, when the court issued the ex parte preliminary injunction against the county manager, it also directed the sheriff to investigate allegations made by the public defender of criminal misconduct and political corruption within the public defender's office. The request for this independent investigation came from Mr. Sasinoski. Respondent claims the court erred as a matter of law in ordering the investigation. In the court's opinion, respondent lacks standing to raise this claim. Additionally, the sheriff's office is a duly enacted law enforcement agency possessing authority to conduct such investigations. It is an arm of the court and the investigation was ordered pursuant to the duty of the president judge to supervise the business of the court.

The appeals of Glenn Cannon should be denied for the reasons herein stated.

Supplement "A"

## CHRONOLOGY OF DATES

1/24/97    Temporary order enjoining county manager from interfering with the authority of the public defender until further hearing.

1/27/97    Respondent filed notice of appeal to Commonwealth Court from order of court entered January 24, 1997.

1/29/97    Hearing before Judge Dauer.

2/4/97    Continuation of hearing from 1/29/97. Temporary order of court dated 1/24/97 is made permanent.

2/5/97    Respondent filed consolidated motions for application for stay pursuant to Pa.R.A.P. 1732 and to cancel February 4, 1997 hearing.

2/6/97    Petitioner's motion to quash appeal (Commonwealth Court).

2/11/97    Respondent filed motion to dissolve injunction pursuant to Pa.R.C.P. 1531(c).

2/14/97    Respondent's motion for post-trial relief filed pursuant to Pa.R.C.P. 227.1.

2/18/97    Respondent's brief in opposition to motion to quash appeal (Commonwealth Court).

2/18/97    Respondent's answer to the motion to quash appeal (Commonwealth Court).

2/19/97    Petitioner's answer to motion to dissolve injunction.

3/7/97    Respondent's second notice of appeal to Commonwealth Court. This appeal from the order of February 4, 1997 granting a permanent injunction.